UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRITZ GERALD TOUSSAINT,<br><br>                                    Plaintiff,<br><br>v.<br><br>CHARLES VENANTE,<br><br>                                    Defendant. | Case No.: 22-CV-245 JLS (AGH)<br><br>**ORDER (1) DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND (2) DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>(ECF Nos. 1, 2) |

Presently before the Court are Plaintiff Fritz Gerald Toussaint's Motion for Leave to Proceed *in Forma Pauperis* ("IFP") ("IFP Mot.," ECF No. 2) and his Complaint ("Compl.," ECF No. 1). For the reasons set forth below, the Court **DENIES** Plaintiff's IFP Motion and **DISMISSES** Plaintiff's Complaint **WITH LEAVE TO AMEND**.

**MOTION TO PROCEED *IN FORMA PAUPERIS***

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay the filing fee only

/ / /

/ / /

if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a)(1).  Section 1915(a)(1) provides:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

As section 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'" *Escobedo*, 787 F.3d at 1234.

Plaintiff has not paid the $402 filing fee required to maintain a civil action in this District and instead moves to proceed IFP.  Plaintiff submits a form affidavit of assets to support his IFP Motion.  *See generally* IFP Mot.  Plaintiff, however, fails to answer many questions in the form IFP affidavit.  The Southern District of California's form IFP affidavit is clear that the applicant should "[c]omplete all questions in this application and then sign it.  Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write that response."  *See* Form AO 239, https://www.casd.uscourts.gov/_assets/pdf/forms/AO239_Application%20to%20Proceed%20Without%20Prepayment.pdf  at  1 (last visited Mar. 18, 2022).  In fact, Plaintiff's IFP Motion is missing entirely the first and

third pages. *See generally* IFP Mot. Plaintiff's incomplete IFP affidavit and unknown financial status warrant denial of his request to proceed IFP, for section 1915(a)(1) requires that Plaintiff attest to "**all assets** [he] possess." 28 U.S.C. § 1915(a)(1) (emphasis added).

In sum, Plaintiff's incomplete attestations do not demonstrate with "particularity, definiteness, or certainty" that Plaintiff lacks the financial resources to pay the $402 filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234 (citation omitted). Accordingly, the Court **DENIES** Plaintiff's IFP Motion. Said denial, however, is **WITHOUT PREJUDICE** to Plaintiff refiling an IFP motion that cures the above-noted deficiencies.

### SCREENING OF COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)

Even were the Court to grant Plaintiff's IFP Motion, Plaintiff's complaint warrants dismissal pursuant to 28 U.S.C. § 1915(e)(2)'s required pre-answer screening. *See, e.g.*, *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2002) (per curiam) (holding 28 U.S.C. § 1915(e)(2) screening applies to non-prisoners proceeding IFP); *see also Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)). Under this statute, the Court must *sua sponte* dismiss a complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez*, 203 F.3d at 1126–27. "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121. Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Courts have a duty to construe a *pro se* litigant's pleadings liberally. *See Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). The district court should grant leave to amend if it appears "at all possible that the plaintiff can correct the defect," unless the court determines that "the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d at 1130–31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

Here, Plaintiff's conclusory allegations fail to comply with Federal Rule of Civil Procedure 8, which requires pleadings to provide "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Violations of this Rule warrant dismissal." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013). "One well-known type of violation is when a pleading says *too little*—the baseline threshold of factual and legal allegations required was the central issue in the *Iqbal* line of cases." *Id.* (emphasis in original) (citing *Iqbal*, 556 U.S. at 678). Here, Plaintiff's Complaint fails to provide sufficient facts and is silent as to jurisdiction. Accordingly, the Complaint is subject to dismissal for violation of Rule 8.

Further, based on the limited facts alleged, the Court is not satisfied that it has subject-matter jurisdiction over the claims Plaintiff appears to be asserting. "Federal district courts are courts of limited jurisdiction that 'may not grant relief absent a constitutional or valid statutory grant of jurisdiction' and are 'presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.'" *Cooper v. Tokyo Elec. Power Co.*, 990 F. Supp. 2d 1035, 1038 (S.D. Cal. 2013) (quoting *A-Z Int'l v. Phillips*, 323 F.3d 1141, 1145 (9th Cir. 2003)). Generally, subject-matter jurisdiction is

based on the presence of a federal question, *see* 28 U.S.C. § 1331, or on complete diversity of citizenship between the parties, *see id.* § 1332.  Although the Complaint is silent as to the Court's basis for jurisdiction, Plaintiff specifies federal question jurisdiction in his Civil Cover Sheet, *see* ECF No. 1-1, pursuant to which courts have jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331.  However, "[s]ection 1331 . . . does not independently create subject matter jurisdiction; the suit must 'arise under' the Constitution or some other specific section of the United States Code."  *Watson v. Chessman*, 362 F. Supp. 2d 1190, 1199 (S.D. Cal. 2005).  Plaintiff appears to assert claims for medical malpractice and conspiracy as "part of a[n unspecified] criminal scheme."  *See* Compl. at 2.  Accordingly, it does not appear facially that his claims "arise under" federal law.

In light of the foregoing, the Court **DISMISSES** Plaintiff's Complaint for failure to comply with Rule 8 and for lack of subject matter jurisdiction.  Said dismissal, however, is **WITHOUT PREJUDICE** to Plaintiff filing an amended complaint that cures the above-noted deficiencies.

## CONCLUSION

Good cause appearing, the Court:

1. **DENIES WITHOUT PREJUDICE** Plaintiff Motion to Proceed IFP (ECF No. 2).  No later than <u>thirty (30) days from the date of this Order</u>, Plaintiff shall either: (1) pay the $402 filing fee required to maintain an action is this District; or (2) file a renewed motion to proceed IFP that cures the deficiencies identified by the Court.  ***Plaintiff is hereby on notice that if he fails to pay the $402 filing fee or file a renewed IFP motion <u>within thirty (30) days from the date of this Order</u>, the Court will dismiss this action without prejudice***; and

2. **DISMISSES WITHOUT PREJUDICE** Plaintiff's Complaint (ECF No. 1) for failure to comply with Federal Rule of Civil Procedure 8 and for lack of subject matter jurisdiction.  The Court **GRANTS** Plaintiff <u>thirty (30) days from the date of this Order</u> in which to file an amended complaint that is complete in itself, without

reference to Plaintiff's original Complaint (ECF No. 1). **Should Plaintiff fail to file an amended complaint <u>within thirty (30) days from the date of this Order</u>, the Court will enter a final order dismissing this civil action based on Plaintiff's failure to prosecute in compliance with a court order requiring amendment.** See *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: March 25, 2022

Hon. Janis L. Sammartino
United States District Judge